[No. 31028.    Department One.    February 2, 1950.]

NEW MODEL LAUNDRY, INC., *Appellant*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Respondent*.[1]

[1]Reported in 214 P. (2d) 209.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Donald S. Voorhees,* for appellant.

*The Attorney General* and *William J. Millard, Jr.,* Assistant, for respondent.

GRADY, J.—This appeal challenges a judgment of the superior court for King county affirming a decision of the commissioner of the employment security department that New Model Laundry, Inc. was not entitled to an experience rating credit under the unemployment compensation act. The appeal tribunal of that department had previously held that the appellant was entitled to the experience rating, reversing an earlier determination of the commissioner.

By chapter 50 of the Laws of 1947 (codified as amended, Rem. Supp. 1949, § 9998-246a) there was created a system of merit or credit rating of qualified employers, the purpose of which was to encourage and reward employers who kept continuity of employment, and thus diminished drawings upon the unemployment compensation fund. Section 2 of the act, which covers the problem presented, reads in part as follows:

"(e) 'Qualified employer' means any employer who had employment in each of the four consecutive calendar years immediately preceding the computation date and who filed contribution reports thereon on or before the cut-off date: *Provided, however,* That no employer shall be deemed a qualified employer if he has reported no employment for four or more consecutive calendar quarters in such four calendar years: *And provided further,* That when an employer or prospective employer has acquired all or substantially all the operating assets of an employing unit, the experience of both during such four calendar years shall be jointly considered for the purpose of determining and establishing the acquiring party's qualification for and amount of credit; and the transferring employing unit shall be divested of his experience."

Model Laundry, Inc. operated a laundry, dry cleaning and fur storage business in Seattle from January 1, 1937, until June 1, 1945. On the latter date it leased all of the operating assets of its laundry to the Butler Packing Company, a co-

partnership. The lease ran for a period of seven months with a provision for annual renewals through 1950. On October 1, 1945, the lessee returned to the lessor the assets of the laundry, and the lease was canceled by mutual assent. Model Laundry, Inc. continued to operate its laundry until October 1, 1946, when appellant was incorporated and acquired all of the operating assets of the laundry, and has since continued to operate it. After the Model Laundry, Inc. resumed the operation of its laundry business, it was recognized by the department as the same employer which it theretofore had been, and was assigned its former account number on the departmental records. On October 14, 1947, appellant called to the attention of the employment security department that it had not received notice of credit rating, and on October 21st was informed that it would not qualify for any experience rating credit because its predecessor, Model Laundry, Inc., had not acquired all, or substantially all, of the operating assets of Butler Packing Company when it resumed the operation of its laundry after the cancellation of the lease. The appellant was informed that its employment experience would date from October 1, 1945, and it would be eligible in 1949. We gather from the record that the commissioner was of the opinion that, in order for appellant to become entitled to experience rating credit, it would have been necessary for its predecessor, Model Laundry, Inc., to have acquired all, or substantially all, of the operating assets of Butler Packing Company.

█ We are of the opinion that such view is not justified by § 2 of the act above quoted. The only connection that Model Laundry, Inc. had with Butler Packing Company was to lease its operating laundry property to that copartnership for a period of four months. The lessee did not "acquire" the assets of the lessor in the sense that term is used in the statute. When Model Laundry, Inc. transferred to appellant and it acquired all, or substantially all, of the operating assets of the laundry, then it became the duty of the department to take into consideration the ex-

perience of both Model Laundry, Inc. and appellant during the four calendar years referred to in § 2 for the purpose of determining and establishing the appellant's qualification for and amount of credit.

■ Model Laundry, Inc., by leasing its operating assets to the Butler Packing Company for a period of four months, did not lose any of its prior employment experience. That experience was merely suspended during the period its property was leased, and when it resumed its laundry business after cancellation of the lease it continued to build its employment experience. The act contemplates a temporary suspension of operations, as it provides for an employer retaining his status as a "qualified employer" even though he reports no employment for a period up to four calendar quarters. This was the construction placed upon § 2 of the act by the appeal examiner, and we are in accord with his findings of fact, conclusions and decision.

The judgment is reversed and the cause remanded for further proceedings.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and DONWORTH, JJ., concur.